**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　　v.<br><br>ROSA E. PIEDRAHITA [1], ET AL.<br><br>　　　Defendants. | CR. NO. 09-221 (PG) |

**OPINION AND ORDER**

　　　Pending now before the Court are co-defendants Rosa E. Piedrahita, Andres Nunez and Ana L. Piedrahita's (collectively "Defendants") motions to dismiss indictment (Dockets No. 40, 42). The Defendants argue therein that the counts in the indictment are time-barred. The United States opposed their request (Docket No. 45) and Defendants replied thereto (Dockets No. 50-51). For the reasons set forth below, the Court **DENIES** the pending motions to dismiss.

**I. BACKGROUND**

　　　According to the Indictment (Docket No. 2), ALR Investment Corp. d/b/a Farmacia El Señorial ("ALR" or "the debtor"), through its president and co-defendant, Rosa Piedrahita, commenced a Chapter 11 reorganization case on June 20, 2003. ALR was engaged in the operation of a local pharmacy known as Farmacia El Señorial, located in San Juan, Puerto Rico. According to the bankruptcy schedules, ALR leased the pharmacy from Filencio Valentin ("Valentin"). Relevant to the matter at hand, are the procedural events that took place in bankruptcy court that are described below.

　　　It stems from the record before this Court that during the bankruptcy proceedings, ALR filed a motion to dismiss on September 19, 2003, which Valentin opposed. Thereafter, on March 23, 2004, Valentin filed an "Urgent Motion For Immediate Surrender of Non-Residential Lease Premises" that was granted. Faced with this unfavorable ruling, ALR filed a Notice of Appeal on May 10, 2004. Among ALR's arguments on appeal was that the bankruptcy court erred in granting Valentin's motion to surrender when, at the time, a motion for voluntary dismissal of the case was pending before it. On May 21, 2004, ALR also filed a motion to stay the Order for Surrender pending the appeal.

CR. NO. 09-221 (PG)                                                     Page 2

On June 7, 2004, the bankruptcy court held a hearing wherein it ruled on both pending motions despite the pending appeal. The court denied ALR's motion to stay and granted its motion to dismiss the case subject to ALR either paying the U.S. Trustee or providing evidence to the Trustee that it had paid the fees that were due. On June 16, 2004, the United States Trustee filed an informative motion advising the court that the fees had been paid, and on June 28, 2004, the bankruptcy court entered an order stating as follows: "on June 9, 2004 the United States Trustee filed a statement with the Court indicating that such fees had been paid, … , which resulted in the effective dismissal of the Debtor's case." Having obtained dismissal of the case, on July 12, 2004, ALR filed a Notice of Voluntary Dismissal with the Bankruptcy Appellate Panel ("BAP"), which granted the dismissal on July 21, 2004.

Thereafter, on June, 24, 2009, Rosa E. Piedrahita, Andres Nunez and Ana L. Piedrahita were indicted by a federal grand jury on four counts of conspiracy and concealment of assets in violation of the provisions of Title 18, United States Code, Sections 371 and 152(1) and 2. See Docket No. 2. In essence, the government alleges that from on or about March 4, 2003 through on or about July 1, 2004, the Defendants conspired to conceal property from creditors and/or the United States Trustee. In addition, Counts 2 to 4 allege that the Defendants incurred in several acts of concealment of assets between on or about March 4, 2003 and on or about June 2, 2004. See Docket No. 2.

The Defendants now move to dismiss the criminal proceedings against them arguing that the grand jury returned the indictment after the five (5) year statute of limitations period for the offenses charged had elapsed. According to Defendants, the five year statute of limitations began to run on June 7, 2004, the date of the "effective dismissal" of the bankruptcy case. On the other hand, the United States argues that the bankruptcy case was not finally dismissed until July 21, 2004, the date in which the BAP dismissed the pending appeal. Therefore, according to the government, the Indictment is timely.

## II. DISCUSSION

The question before us is whether the prosecution of these Defendants on Counts 1 to 4 of the indictment is barred by the applicable five-year statute of limitations.[1]

---

[1] The governing statute is 18 U.S.C. § 3282, which provides that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

CR. NO. 09-221 (PG)                                                      Page 3

In cases charging a conspiracy in violation of a statute that requires proof of an overt act, the applicable statute of limitations is complied with if the conspiracy still subsisted within the five years prior to the return of the indictment, and at least one overt act in furtherance of the conspiratorial agreement was performed within that period. See U.S. v. Ramallo-Diaz, 455 F.Supp.2d 22, 28 (D.P.R. 2006) (quoting Grunewald v. United States, 353 U.S. 391, 396-397 (1957)). The grand jury returned the above captioned indictment on June 24, 2009. It must thus be clear from the indictment that the conspiracy was still ongoing and that at least one of the alleged overt acts in furtherance of the conspiracy was performed on or after June 24, 2004.

Count 1 of the Indictment (Conspiracy to Conceal Assets) alleges that until on or about July 1, 2004, a co-defendant and co-conspirator, Rosa E. Piedrahita, performed acts in furtherance of the conspiracy, such as failing to file in bankruptcy court the Monthly Operating Reports required to be filed by debtors in possession, thereby concealing approximately $700,000 in payments deposited into the operating account during the bankruptcy. See Docket No. 2. Therefore, as alleged, Count 1 falls within the applicable statute of limitations.

Moreover, "[l]ike conspiracy, bankruptcy concealment has been described as a continuing offense." U.S. v. Stein, 233 F.3d 6, 18 (1st Cir.2000) (internal citations omitted). Pursuant to 18 U.S.C.A. § 3284:

> The concealment of assets of a debtor in a case under title 11 [bankruptcy] shall be deemed to be a continuing offense until the debtor shall have been **finally** discharged or a discharge denied, and the period of limitations shall not begin to run until such **final** discharge or denial of discharge.

18 U.S.C.A. § 3284 (emphasis ours). Therefore, in such a case as the one at hand, the statute of limitations does not begin to run until the debtor is discharged or denied discharge. However, where, as here, a discharge was neither granted or denied, "several courts have extended the statute of limitations under section 3284 to events that have the same effect as denying a discharge of the bankrupt," U.S. v. Dolan, 120 F.3d 856, (8th Cir.1997) (citing United States v. Guglielmini, 425 F.2d 439, 443 (2d Cir.1970)), such as "the date that the bankruptcy court dismissed [the debtor's] bankruptcy proceeding," Dolan, 120 F.3d at 867. See also U.S. v. Gilbert, 136 F.3d 1451, 1455 (11th Cir.1998) ("Events which have been held to have the same effect as denial of discharge include the voluntary

CR. NO. 09-221 (PG)                                                    Page 4

dismissal of bankruptcy proceedings, the waiver of discharge, and the failure to file timely for discharge.").

In their request for dismissal, the Defendants contend that the statute of limitations began to run on June 7, 2004 because on said date the debtor complied with the bankruptcy court's condition for dismissal, namely, the payment of the fees to the U.S. Trustee. In its response, the government counters the Defendants' contention arguing that the bankruptcy court lacked jurisdiction to entertain the motion to dismiss inasmuch as there was a pending appeal at the time the dismissal order was entered, and thus, the statute of limitations could not begin to run until the BAP dismissed the appeal on July 21, 2004. The Court agrees with at least the latter portion of the government's argument.

Finding it unnecessary to discuss whether or not the bankruptcy court's dismissal order was ultra vires, the truth of the matter is that the debtor's appeal was still pending even after said order was entered. The debtor did not file a notice of voluntary dismissal of the appeal until July 12, 2004, and the BAP did not grant it until July 21, 2004, this being the date when the case was **finally** dismissed, as required by Section 3284. The Indictment having been filed on June, 24, 2009, it is plain, then, that the conspiracy and the concealment acts alleged in the Indictment were performed within the applicable five-year limitations period. Consequently, Defendants' motion to dismiss the counts in the Indictment as time-barred (Dockets No. 40, 42) must be **DENIED.**

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Defendants' motions to dismiss the indictment (Docket No. 40, 42).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 24, 2010.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE